Case 2:21-cv-00184-DMG-AS Document 1-1 Filed 01/08/21 Page 1 of 11 Page ID #:52

Electronically FILED by Superior Court of California, County of Los Angeles on 11/23/2020 11:12 AM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Perez,Deputy Clerk
20STCV44808

Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Mel Red Recana

Aryeh Kaufman, Esq. (SBN 289745)
**LAW OFFICE OF ARYEH KAUFMAN**
5482 Wilshire Boulevard, #1907
Los Angeles, CA 90036
Tel: (323) 943-2566
Fax: (213) 402-8598
Email: aryeh@akaufmanlegal.com

*Attorney for Plaintiff,*
**VIRGIN SCENT, INC. dba
ART NATURALS**

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

# FOR THE COUNTY OF LOS ANGELES - CENTRAL

| | |
|---|---|
| VIRGIN SCENT, INC. dba ART NATURALS, a California corporation,<br><br>Plaintiff,<br><br>v<br><br>BT SUPPLIES WEST, INC., a Nevada corporation; STEVEN ODZER, an individual; LIFEGUARD LICENSING CORP., a Delaware corporation; RUBEN AZRAK, an individual; MICHAEL STIENHARDT, an individual; SAMMY COHEN, an individual, LORI KAUFMAN, an individual; and DOES 1 to 10, inclusive,<br><br>Defendants. | Case No.: 20STCV44808<br><br>**COMPLAINT FOR:**<br><br>1. **BREACH OF WRITTEN CONTRACT;**<br>2. **BREACH OF ORAL CONTRACT;**<br>3. **FALSE PROMISE; and**<br>4. **CONSPIRACY**<br><br><br><br>**JURY TRIAL DEMANDED** |

1
COMPLAINT

COMES NOW, plaintiff VIRGIN SCENT, INC., d/b/a ART NATURALS, a California corporation, and for causes of action against Defendants BT SUPPLIES WEST, INC., a Nevada corporation, STEVEN ODZER, an individual, LIFEGUARD LICENSING CORP, a Delaware corporation, RUBEN AZRAK, an individual, MICHAEL STIENHARDT, an individual, SAMMY COHEN, an individual, LORI KAUFMAN, an individual, and DOES 1 to 10, alleges as follows:

## PARTIES

1. Plaintiff Art Naturals (referred to in this Complaint as either "Art Naturals" or "Plaintiff") is a California corporation with its principal place of business in the County of Los Angeles, California.

2. Plaintiff is informed and believes, and based thereon alleges, Defendant BT Supplies West, Inc. ("BT") is a Nevada corporation with its principal place of business in Las Vegas, Nevada.

3. Plaintiff is informed and believes, and based thereon alleges, Defendant Steven Odzer ("Odzer") is a resident of Las Vegas, Nevada, and an owner of BT.

4. Plaintiff is informed and believes, and based thereon alleges, Defendant Lifeguard Licensing Corp. ("Lifeguard Corp.") is a Delaware corporation with its principal place of business at 595 Madison Avenue, New York, NY 10022.

5. Upon information and belief, Defendant Ruben Azrak ("Azrak") is a resident of New York, NY, and an owner of Lifeguard Corp and BT.

6. Upon information and belief, Defendant Michael Stienhardt ("Steinhardt") is an owner of BT.

7. Plaintiff is informed and believes, and based thereon alleges, Defendant Sammy Cohen ("Cohen") is Director of Global Sourcing at BT and Azrak's company Lifeguard Corp.

8. Upon information and belief, Defendant Lori Kaufman ("Kaufman") is one of BT, Odzer, Lifeguard Corp., and Azrak's distributors who made the sales to the State of New York.

Art Naturals is informed and believes that DOES 1 to 10 are the alter egos of BT and are liable for its acts and omissions as recognition of the privilege of separate existence would promote injustice in that, on information and belief, at all relevant times, DOES 1 to 10 (i) were members of BT, (ii) were officers and directors of BT, and/or (iii) dominated and controlled BT by using it as a mere shell, instrumentality, or conduit for their own personal benefit.

10. Art Naturals does not know the true names and capacities of defendants sued herein as DOES 1 through 10, and therefore sues such defendants by fictitious names. Art Naturals will amend the complaint to allege their true names and capacities once they have been ascertained. Art Naturals is informed and believes and thereon alleges that each of the fictitiously named defendants is responsible in some manner for the acts, occurrences, damages, and liabilities hereinafter alleged, and caused and/or contributed to the various injuries and damages alleged in this complaint.

## JURISDICTION AND VENUE

11. The Court has personal jurisdiction over Defendants BT, Odzer, Lifeguard Corp., Azrak, Stienhardt, Cohen, Kaufman, and Does 1 to 10 (collectively referred to throughout this Complaint as "Defendants") because Defendants do business with the State of California, and knew during all relevant times herein that Art Naturals is a California corporation doing business in the State of California.

12. Venue is proper in this County in accordance with Section 395(a) of the California Code of Civil Procedure because the injuries alleged herein occurred in this County. In the alternative, venue is appropriate in this County in accordance with Section 395(a) and Section 395.5 of the California Code of Civil Procedure because Defendant and Plaintiff contracted to perform their obligations in this County, and because the liability, obligation, and breach occurred within this County.

## GENERAL ALLEGATIONS

13. Art Naturals is a lifestyle brand that has seen rapid and expansive growth in the beauty and skin care industry since the company's inception in February 2015.

3
COMPLAINT

The company's products are sold throughout the world, and Art Naturals has differentiated itself with its premium products, its product assortment, and its ability to move quickly into new markets.

14. In the beginning of March 2020, as the novel Coronavirus spread to the United States, Art Naturals began selling hand sanitizers and face masks, leveraging its network of local and international suppliers to bring these much needed products to market when others were unable to do so.

15. Art Naturals' Chief Sales Officer, Michael Elefant, was introduced to BT and Odzer towards the end of March.

16. The relationship started great. BT and Odzer made a large order of Art Naturals' branded hand sanitizer and made a couple of large orders of 3-ply disposable face masks. The relationship deteriorated when BT and Odzer started falling behind on payments for the large orders they made from Art Naturals.

**The Hand Sanitizer Order**

17. On March 19, 2020, Defendant BT submitted a Purchase Order to Art Naturals for 5,000,000 units of hand sanitizer at a price of $2.40 per unit.

18. The total purchase order value was $12,000,000 (5,000,000 times $2.40).

19. Art Naturals invoiced BT for 5,000,000 units of hand sanitizer and thereafter had the 5,000,000 units manufactured and shipped to the United States.

20. Once Art Naturals received the 5,000,000 units of hand sanitizer, Art Naturals started shipping containers holding 70,000 units each of hand sanitizer to BT.

21. Between April 26, 2020, and April 28, 2020, BT received 670,000 units of hand sanitizer from Art Naturals.

22. Between May 14, 2020, and June 8, 2020, BT received 490,000 units of hand sanitizer from Art Naturals.

23. Art Naturals is informed and believes, and based thereon alleges, that Defendants, and each of them, sold all the hand sanitizer they received from Art Naturals to various customers, including, but not limited to, the State of New York.

24. Upon information and belief, Lori Kaufman was the distributor that sold the Art Naturals hand sanitizer to the State of New York.

25. To date, Defendants, and each of them, have failed to pay Art Naturals the sum of One Million Four Hundred Twenty-Two Thousand and Six Hundred Dollars ($1,422,600) from the units Defendants have received and sold of the Art Naturals hand sanitizer.

26. Defendants, and each of them, have also failed to pay for the remaining 3,840,000 units of hand sanitizer BT ordered.

27. On multiple occasions in May, June, July, and August, Defendants, through BT and Odzer, stated by phone and text that they were going to take the hand sanitizers as they agreed to, but just needed "more time." Defendants, through BT and Odzer, also stated on numerous occasions they would send payment for the balance owed to Art Naturals.

28. If BT and Odzer did not repeatedly state that Defendants were going to take the hand sanitizers and pay for the remaining 3,840,000 units of hand sanitizer, Art Naturals would have sold the units to a different customer.

29. Art Naturals, is informed and believes, and based thereon alleges, that the Defendants, and each of them, never intended to fulfill their end of the bargain and take all 5,000,000 units of hand sanitizer they ordered from Art Naturals when they submitted the Purchase Order to Art Naturals.

30. Even as recently as June 25, 2020, Rhonda Gooding, Odzer's executive assistant, emailed Michael Elefant requesting 15 invoices representing 15 containers of 70,000 units each of hand sanitizer received by BT. In the June 25, 2020 email, Ms. Gooding claims that payment for these invoices would be made "on Tuesday."

31. However, Defendants have failed and refused to pay the balance owed on the units they have already received and sold to their customers, and have continued to fail and refuse to take the remaining 3,840,000 units that are sitting in Art Naturals' warehouse.

32. The remaining 3,840,000 units of hand sanitizer, more than half of the order, are still sitting in Art Naturals' warehouse accruing substantial storage costs monthly.

**The 3-Ply Disposable Mask Order**

33. In March 2020, Defendants ordered over 10,000,000 units of masks from Art Naturals.

34. During the month of April 2020, Art Naturals shipped the orders to Defendants.

35. Defendants paid for the masks that were shipped.

36. On April 17, 2020, Odzer verbally ordered 20,000,000 units of 3-Ply Disposable Masks from Art Naturals and issued a Purchase Order for 10,000,000 masks at a price of sixty-three cents per mask.

37. The total purchase order value was $12,600,000 (20,000,000 times $0.63).

38. When Art Naturals received the order from BT, Art Naturals sourced and paid for the full order of 20,000,000 masks.

39. Based on Defendants' request and immediate need for the order to be fulfilled, Art Naturals paid a substantial amount extra for the entire order of 20,000,000 masks to be delivered by air so Defendants could get the order as quickly as possible.

40. After receiving the masks, Mr. Elefant informed Odzer that the masks had arrived and were ready to be shipped to BT.

41. Odzer requested additional time in which to make room in his warehouse for the masks.

42. Every time Mr. Elefant asked Odzer when Art Naturals can start sending trucks to BT's warehouses, Odzer pushed Mr. Elefant off, each time requesting additional time before Art Naturals shipped the goods.

43. During this period, while BT and Odzer refused to take the hand sanitizers and masks they ordered from Art Naturals, the price of masks dropped dramatically.

44. Thereafter, Art Naturals agreed to reduce the price of the masks, but BT and Odzer kept pushing Mr. Elefant off and continued to make excuses why BT and Odzer could not take the masks they purchased from Art Naturals at that moment.

45. In her June 25, 2020 referenced above, Ms. Gooding ends the email by stating that after the invoices for the 15 truckloads of hand sanitizer were reconciled, "we will work on the masks," however, BT and Odzer have not worked on the

46. If Odzer had been honest and stated they would not take the masks earlier, then Art Naturals could have sold the masks to another customer.

47. The entire order of 20,000,000 masks is sitting in Art Naturals' warehouse, ready to ship, and accruing monthly storage fees.

## FIRST CAUSE OF ACTION

### (Breach of Written Contract)

### (By Art Naturals Against BT, Odzer, and Does 1 to 10)

48. Art Naturals incorporates by reference and re-alleges each and every one of the allegations in paragraphs 1 through 43 as if fully set forth herein.

49. Art Naturals and BT entered into written contracts for the sale and purchase of 5,000,000 hand sanitizers and 20,000,000 3-ply disposable face masks.

50. Art Naturals performed all its obligations (shipped BT over 1,000,000 hand sanitizers, has the rest of the hand sanitizers in its warehouse ready to ship, and has 20,000,000 3-ply disposable face masks available to ship).

51. To date, BT and Odzer have failed to pay Art Naturals One Million Four Hundred Twenty-Two Thousand and Six Hundred Dollars ($1,422,600) they owe for hand sanitizers that Art Naturals sent them and they sold, they have refused to take the 3,840,000 remaining units in the hand sanitizer order, and have refused to take any of the 20,000,000 masks they ordered from Art Naturals.

52. As a direct and proximate result of BT and Odzer's breach of their agreements with Art Naturals, Art Naturals has sustained damages of at least

1 $23,238,600, together with prejudgment interest at the legal rate pursuant to Civil Code § 3287.

## SECOND CAUSE OF ACTION

### (Breach of Oral Contract)

### (By Art Naturals Against BT, Odzer, and Does 1 to 10)

53. Art Naturals incorporates by reference and re-alleges each and every one of the allegations in paragraphs 1 through 52 as if fully set forth herein.

54. In the alternative, should the invoice not amount to a written contract, Art Naturals and BT entered into oral contracts for the sale and purchase of 5,000,000 hand sanitizers and 20,000,000 3-ply disposable face masks.

55. Art Naturals performed all its obligations (shipped BT over 1,000,000 hand sanitizers, has the rest of the hand sanitizers in its warehouse ready to ship, and has 20,000,000 3-ply disposable face masks available to ship).

56. To date, BT and Odzer have failed to pay Art Naturals One Million Four Hundred Twenty-Two Thousand and Six Hundred Dollars ($1,422,600) they owe for hand sanitizers that Art Naturals sent them and they sold, they have refused to take the 3,840,000 remaining units in the hand sanitizer order, and have refused to take any of the 20,000,000 masks they ordered from Art Naturals.

57. As a direct and proximate result of BT and Odzer's breach of their agreements with Art Naturals, Art Naturals has sustained damages of at least $23,238,600, together with prejudgment interest at the legal rate pursuant to Civil Code § 3287.

## THIRD CAUSE OF ACTION

### (False Promise)

### (By Art Naturals Against BT, Odzer, and Does 1 to 10)

58. Art Naturals incorporates by reference and re-alleges each and every one of the allegations in paragraphs 1 through 57 as if fully set forth herein.

59. Odzer made numerous promises to Art Naturals. Odzer promised to pay for the hand sanitizers that were shipped to BT, promised to take the 3,840,000 remaining units of the hand sanitizer, and promised to pay for the 20,000,000 masks he ordered.

60. Odzer did not intend to fulfill the promises he made to Art Naturals to pay the past due balance for the hand sanitizer, take the remaining balance of hand sanitizer from the order, or take the 20,000,000 masks BT and Odzer ordered when he made them, and Odzer intended that Art Naturals relied on his promises to bring in the goods and ship Odzer and BT hand sanitizers.

61. Art Naturals did in fact rely upon Odzer's promises, and Art Naturals sourced and paid for the hand sanitizers and masks that BT and Odzer ordered.

62. Odzer did not perform as promised.

63. Art Naturals was harmed as a result of BT and Odzer's failure to perform as they promised to do.

64. Art Naturals reliance upon BT and Odzer's false promise was a substantial factor in causing the harm that Art Naturals suffered.

65. As a direct and proximate result of BT and Odzer's breach of their agreements with Art Naturals, Art Naturals has sustained damages of at least $23,238,600, together with prejudgment interest at the legal rate pursuant to Civil Code § 3287.

66. The foregoing acts of BT, Odzer, and Does 1 to 10, were despicable and reprehensible, depriving Art Naturals of needed funds right as the pandemic was unfolding in the United States, and the acts were done willfully, fraudulently, maliciously, and oppressively, with conscious disregard to the rights and well-being of Art Naturals, thus entitling Art Naturals to recover exemplary damages pursuant to Code of Civil Procedure § 3294 in an amount sufficient to punish and make an example of said defendants for their wrongful conduct, but in no event less than $23,238,600.

## FOURTH CAUSE OF ACTION

### (Conspiracy)

### (By Art Naturals Against All Defendants)

67.   Art Naturals incorporates by reference and re-alleges each and every one of the allegations in paragraphs 1 through 66 as if fully set forth herein.

68.   On or about March 2020, the Individual Defendants, and each of them, knowingly and willfully conspired and agreed among themselves to enter into an agreement with Art Naturals for the purchase of large volumes of hand sanitizers and masks to get the best price from Art Naturals, while in reality they had no intention of paying for the full amount of units they ordered from Art Naturals, all while selling Art Naturals' hand sanitizer to their customers for a profit.

69.   Pursuant to, and in furtherance of the conspiracy, Odzer repeatedly told Art Naturals that BT intended to fulfill its obligation to pay for the hand sanitizers and masks, all in an attempt to get more and more concessions from Art Naturals, and to get Art Naturals to continue shipping hand sanitizers and masks to BT.

70.   Defendants, and each of them, approved and ratified BT and Odzer's actions because of the large profits each defendant stood to gain from the sale of the hand sanitizers and masks.

71.   As a direct and proximate result of BT and Odzer's breach of their agreements with Art Naturals, Art Naturals has sustained damages of at least $23,238,600, together with prejudgment interest at the legal rate pursuant to Civil Code § 3287

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff Virgin Scent, Inc. dba Art Naturals, a California corporation, prays for judgment against Defendants, and each of them, as follows:

### AS TO ALL CAUSES OF ACTION

1.   For general, compensatory, and consequential damages according to proof;

2. For costs of suit herein;

3. For reasonable attorney's fees; and

4. For such other and further relief as the court deems proper.

### AS TO THE THIRD CAUSE OF ACTION

5. For punitive and exemplary damages as sufficient to set an example and to punish the defendants for their wrongful conduct.

Dated: November 23, 2020            **LAW OFFICE OF ARYEH KAUFMAN**

By: *[signature]*
Aryeh Kaufman, Esq.
*Attorney for Plaintiff,*
**VIRGIN SCENT, INC. DBA ART NATURALS**