DANIEL J. HURTEAU (*Pro Hac Vice*)
dhurteau@nixonpeabody.com
JONATHAN ASSIA (CA BAR NO. 323476)
jassia@nixonpeabody.com
NIXON PEABODY LLP
300 S. Grand Avenue, 41st Floor
Los Angeles, California 90071
Telephone:  (213) 629-6000
Facsimile:  (213) 629-6001

Attorneys for Defendant
and Counterclaimant
BT SUPPLIES WEST, INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIRGIN SCENT, INC. dba ART NATURALS, a California corporation,<br><br>                         Plaintiff,<br><br>v.<br><br>BT SUPPLIES WEST, INC., a Nevada corporation; STEVEN ODZER, an individual; LIFEGUARD LICENSING CORP., a Delaware corporation; RUBIN AZRAK, an individual; MICHAEL STEINHARDT, an individual; SAMMY COHEN, an individual; LORI KAUFMAN, an individual; and DOES 1 to 10, inclusive,<br><br>                         Defendants.<br><br>AND RELATED COUNTERCLAIMS | Case No.:  2:21-cv-00184-DMG-AS<br><br>Honorable Dolly M. Gee<br><br>**NOTICE OF MOTION AND MOTION OF NIXON PEABODY LLP FOR AN ORDER PERMITTING WITHDRAWAL AS COUNSEL OF RECORD FOR BT SUPPLIES WEST, INC.; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>[Filed Concurrently with Declaration of Daniel J. Hurteau; and [Proposed] Order] |

1

**TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on August 4, 2023, at 9:30, or as soon thereafter as the matter may be heard in the above-entitled Court, located at 350 West 1st Street, Los Angeles, CA, 90012, Nixon Peabody, LLP ("NP"), counsel of record for Defendant and Counterclaimant BT Supplies West, Inc. ("BT Supplies") will and hereby does present this motion to the Court for an order permitting it to withdraw as counsel of record for the BT Supplies.  The hearing may, if the Court so orders, involve the *in camera* review of certain documentation.  Declaration of Daniel J. Hurteau ("Hurteau Decl."), ¶ 3.

This application is made in good faith and pursuant to Central District Local Rule 83–2.3 and its subparts, as well as California Rules of Professional Conduct, Rule 1.16 and its subparts, which govern the withdrawal and substitution of attorneys, on the grounds that the BT Supplies and NP have reached an unresolvable disagreement regarding the BT Supplies' obligation to pay NP for certain legal services.

Consistent with governing rules, NP has informed BT Supplies in writing that as a corporate entity, BT Supplies cannot represent itself as a *pro se* party, and has advised BT Supplies in writing of the potential consequences should BT Supplies fail to appoint substitute counsel.  *Id.* ¶ 2; Local Rule 83–2.3.4.

This motion is based upon this Notice of Motion; the attached Memorandum of Points and Authorities; the accompanying Declaration of Daniel J. Hurteau; [Proposed] Order; pleadings, records, files, and papers in this action; and any argument or evidence that may be presented to or considered by the Court prior to its ruling.

Dated:  June 29, 2023

Respectfully submitted,

NIXON PEABODY LLP

By:  */s/ Daniel J. Hurteau* _____
    Daniel J. Hurteau
    Irene Scholl-Tatevosyan

2

NOTICE OF MOTION AND MOTION TO
WITHDRAW AS COUNSEL OF RECORD
2:21-cv-00184-DMG-AS

Jonathan Assia

Attorneys for Defendant and
Counterclaimant
BT Supplies West, Inc.

3

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

Defendant and Counterclaimant BT Supplies West, Inc. ("BT Supplies") signed an engagement letter (the "Agreement") with Nixon Peabody, LLP ("NP") on May 2, 2022, regarding this litigation.  The Agreement reflected, among other things, BT Supplies' and NP's understanding as to BT Supplies' obligation to pay for certain legal fees.  As the litigation progressed, disagreements arose between BT Supplies and NP regarding BT Supplies' obligation to pay legal fees.  Although, BT Supplies and NP worked in good faith to resolve these disagreements, they have reached an unresolvable impasse.  Declaration of Daniel J. Hurteau ("Hurteau Decl."), ¶ 4.

NP has complied with all requirements to withdraw from representation.  More specifically, NP (1) has taken steps to avoid reasonably foreseeable prejudice to the rights of BT Supplies; (2) has given due notice to BT Supplies and counsel for Virgin Scent, Inc. of its intent to withdraw, thereby allowing time for employment of substitute counsel and (3) has transferred BT Supplies' files to substitute counsel.

NP therefore respectfully requests that the Court issue an order permitting NP to immediately withdraw as counsel of record.

### II.    CONTROLLING LAW

Leave of court is required for an attorney to be relieved as counsel of record. *See* Central District of California Local Rules ("Local Rules"), Rule 83-2.3.2 ("An attorney may not withdraw as counsel except by leave of court").  The "decision to grant or deny counsel's motion to withdraw is committed to the discretion of the trial court."  *Beard v. Shuttermart of Cal. Inc.*, 07-cv-594, 2008 WL 410694 at *2 (S.D. Cal. Feb. 13, 2008).  A motion for leave to withdraw must be supported by good cause and must be made upon written notice to the client and to all parties appearing in the action.  Local Rule 83-2.3.2.

NOTICE OF MOTION AND MOTION TO
WITHDRAW AS COUNSEL OF RECORD
2:21-cv-00184-DMG-AS

Federal Courts look to applicable state rules of professional conduct when determining whether an attorney should be permitted to withdraw from representation. *See*, *e.g.*, Philips and Stevenson, Rutter Group Prac. Guide Fed. Civ. Pro. Before Trial (2022) Ch. 4-F, ¶ 12.192.  Pursuant to the California Rules of Professional Conduct, Rule 1.16(b)(5), an attorney is permitted to withdraw after giving the client reasonable notice, if the client breaches a material term of an agreement with or obligation, to the attorney relating to the representation.  Cal. Rules of Prof. Conduct, Rule 1.16(b)(5).

In applying the above standards, courts consider four factors: (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case. *Beard*, 2008 WL 410694, at *2.

## III.   DISCUSSION

### A.   Withdrawal Is Appropriate Because of Irreconcilable Disagreements Regarding Fees

A substantial disagreement has arisen between NP and BT Supplies making it impossible for NP to continue to represent it.

Under Cal. Rules of Prof. Conduct, Rule 1.16(b)(5), a client's breach of an agreement to pay legal fees constitutes good cause to permit an attorney's withdrawal. *Kannan v. Apple Inc.*, No. 5:17-CV-07305-EJD, 2020 WL 75942, at *2 (N.D. Cal. Jan. 7, 2020); *see also Integrity Bus. Partners, LLC v. DB Asset Grp., LLC*, No. 221CV01187KJMKJN, 2022 WL 2125686, at *1 (E.D. Cal. May 17, 2022).

On or about May 2, 2022, BT Supplies retained NP in this matter by signing the Agreement.  Hurteau Decl., ¶ 3.  The Agreement contained, among other things, BT Supplies' and NP's understanding as to how NP would be paid including an hourly rate and agreed upon retainer fees.  *Id*.  As the case progressed, disagreements emerged between NP and BT Supplies regarding payment of certain fees and expenses. *Id*., ¶ 4. While BT Supplies and NP worked in good faith to resolve these disagreements, they

have reached an unresolvable impasse. *Id*. The amount of fees in dispute is substantial, making it untenable in NP's view to continue given that the amount of fees in dispute may well increase significantly as the case progresses toward trial. *Id*., ¶ 5.

Here, BT Supplies and NP have reached irreconcilable differences with respect to the payment of fees and expenses. Hurteau Decl. ¶ 4. These disagreements have had a negative impact on the attorney-client relationship. *See Manfredi & Levine v. Sup. Ct.*, 66 Cal. App. 4th at 1128, 1134-36 (1998) (in moving to withdraw, counsel may meet its burden by describing, "in general terms," the nature of the conflict; if the Court deems the disclosure of confidential information necessary to rule upon the request, an *in camera* hearing may be set).

### B. Withdrawal Will Not Prejudice BT Supplies or Other Litigants

Withdrawal as counsel will not prejudice BT Supplies or other litigants in this matter. NP has been diligent in informing BT Supplies of its intent to withdraw by providing notice to BT Supplies on several occasions. Hurteau Decl. ¶ 2. This case has proceeded to post-trial motion phase, so there is no prejudice if NP withdraws at this time.

### C. Withdrawal Will Not Harm the Administration of Justice or Delay Resolution of This Case

In light of the fundamental disagreements between NP and BT Supplies, the administration of justice will almost certainly and significantly *benefit* if this Motion is granted and new counsel is named. Thus, under any contemplated outcome, NP's withdrawal will cause no significant delay or other unreasonable interruption.

### IV. CONCLUSION

For the foregoing reasons, NP respectfully asks the Court to grant its Motion permitting it to immediately withdraw as counsel of record for Defendant and Counterclaimant BT Supplies West, Inc.

Dated:  June 29, 2023                    Respectfully submitted,

6

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

By:  */s/ Daniel J. Hurteau*
Daniel J. Hurteau
Jonathan Assia

NIXON PEABODY LLP
Attorneys for Defendant and
Counterclaimant
BT Supplies West, Inc.

NOTICE OF MOTION AND MOTION TO
WITHDRAW AS COUNSEL OF RECORD
2:21-cv-00184-DMG-AS